## PIONEER PRESS CO. V. GOSSAGE.

1. Evidence of an agreement between defendant and plaintiff's attorney, whereby plaintiff's attorney agreed to make payments for certain advertising furnished him by defendant, and credit the same on the amount due plaintiff on a promissory note, is not admissible as against plaintiff to show payment.

2. Evidence of printing done by defendant at the request of plaintiff's attorney, for which such attorney collected the money and paid it over to plaintiff, is properly admitted in support of a plea of payment of a note executed by defendant.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER Judge.

Action by the Pioneer Press Company against Joseph Gossage to recover on a promissory note. From a judgment for defendant, plaintiff appeals. Reversed.

*Charles W. Brown, O. L. Cooper,* and *Ivan W. Goodner,* for appellant.

*Wood & Buell,* for respondent.

CORSON, J. This is an action by the plaintiff to recover of the defendant the amount of a promissory note. Judgment for the defendant, and the plaintiff appeals. The complaint is in the usual form. The defendant admitted the execution of the note, and set out as a defense that since the original answer was prepared and served the defendant had made divers and sundry payments upon the cause of action set forth in the complaint, to-wit, has paid the sum of $549.70; that by an undertaking and agreement with the plaintiff, through its agent, an

attorney, defendant was to do certain printing, advertising, and job work at the request of said attorney, and the money due and to become due thereon was to be applied to the payment and discharge of the indebtedness set forth in the complaint; that by virtue of said agreement defendant did certain advertising, printing, and job work at the request of said attorney of the value of said $549.70; and alleges that the account is fully satisfied and paid, and denies that he is indebted to the plaintiff in any sum whatever. On the trial the plaintiff offered evidence tending to prove that no part of the note had been paid, and rested. The defendant then sought to prove the items in two accounts against the plaintiff. There were in these accounts some 50 or more items, and among them a number similar to the following charges made against the plaintiff's attorney: "To professional card for one year, $12.00; to locals. $10.00." The defendant offered evidence tending to prove that there was an agreement between himself and the attorney by which the attorney agreed to make payments upon these and similar items to the plaintiff, and credit the defendant with the same upon the note sued on. The plaintiff objected to this evidence as it was offered, upon the ground that the same was incompetent; for the reason that the defendant cannot be permitted to show as a set-off against the claim of the plaintiff debts due defendant from plaintiff's attorney, and that said attorney was not shown to have any special power other than the authority to collect the note, and that under such authority he was not authorized to receive from the defendant anything other than cash. The court overruled these objections, and the plaintiff excepted. There were other items in the accounts by which the at-

torney was charged with moneys collected by him for the publication of notices in legal proceedings and other notices, which it is claimed were to be applied in payment of the note under the agreement. The agreement, as testified to over the objections of the appellant, was as follows: The defendant was to do what work the attorney might require, and, when the attorney should collect the money, he could apply the same upon the note. This evidence was apparently admitted by the trial court upon the theory that under and by virtue of this agreement defendant did in fact make these partial payments upon the note in cash, and this was the theory upon which the court submitted the same to the jury. But we are of the opinion that in the admission of this evidence the learned circuit court was in error, at least so far as the evidence related to charges made against the attorney for printing done for him individually. But as to the printing done at the request of the attorney, for which he actually collected of third parties the money therfor, the money so received by him was a proper offset, and should be allowed the defendant. No distinction whatever seems to have been made by the court in the admission of the two classes of evidence. The contention of the appellant that the attorney, under his general authority to collect the note, had only authority to collect the same in money, seems to be well settled by authority. 3 Am. & Eng. Enc. Law (2d Ed.) 363 *et seq.*, and cases cited. And this was the rule adopted by this court in the case of Furniture Co. v. Mason, 3 S. D. 147, 52 N. W. 671. In that case this court said: "When Bartow [the agent] undertook to accept an account against himself as part payment of Mason's indebtedness to his principal, it did not bind his principal, unless his agency

was broader than the general authority to make collections." Any agreement, therefore, between the attorney and the defendant by which he agreed that any indebtedness due from himself to the defendant might be applied upon the claim of the plaintiff did not bind the principal. The money, however, actually collected by the attorney for printing ordered for third parties, should be credited to the defendant; for when the money was so collected by the attorney it was the same as though the money had been paid to him directly by the defendant. The objections, therefore, taken to the evidence as to charges against the attorney by the defendant for printing done for him personally, and not shown to have been actually paid to the plaintiff, were properly taken, and the evidence admitted as to those charges was clearly incompetent, and should have been excluded. The judgment and order denying a new trial are therefore reversed, and a new trial granted.